■ MATCO ELECTRIC COMPANY, INC., Respondent, v AMERICAN DISTRICT TELEGRAPH COMPANY, INC., Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Coutant, J.), entered November 18, 1988 in Broome County, which, *inter alia,* granted plaintiff's cross motion for partial summary judgment on the issue of liability.

On September 25, 1985 plaintiff entered into a contract with the State of New York whereby it became the prime electrical

contractor for the construction of Franklin Correctional Facility in the Town of Malone, Franklin County. The total contract price was $4,961,000. Under the terms of the agreement, plaintiff was required to comply with the general conditions promulgated by the Office of General Services (hereinafter OGS).

Prior to contracting with the State, plaintiff negotiated orally with defendant concerning the cost of the components that would be required for the electrical systems to comply with the State specifications. Defendant forwarded to plaintiff a quotation dated September 23, 1985 listing various electrical systems as well as defendant's terms and conditions of sale. This document indicated that plaintiff could accept its provisions by forwarding a purchase order. On October 24, 1985 plaintiff forwarded to defendant a purchase order for the systems listed in the quotation. The quotation specified that the designated systems were to be "furnished per [OGS] plans and specifications" and the purchase order contained essentially identical language. Plaintiff's purchase order, which included some terms in addition but not contrary to those specified in defendant's quotation, was accepted by defendant. The contract price was $347,000, but no allocation of price was made to each system.

In order to comply with the quality assurance requirements of the OGS plans and specifications, defendant submitted data to OGS on its proposed fire alarm system, which was different from that specified in the contract's general conditions. On three separate occasions defendant's submissions were rejected and OGS advised plaintiff that no further consideration would be given to defendant's proposed fire alarm system and that it should submit the system as specifically enumerated in the contract's general conditions. Accordingly, in February 1986 the parties agreed to delete the fire alarm system from their contract. Plaintiff, however, reserved the right to seek costs incurred by defendant's nonperformance of that aspect of their contract. In September 1986, after defendant failed to staff the job adequately to complete the work on schedule, plaintiff gave defendant written notice of its termination of their contract. To fulfill its contractual obligations, plaintiff installed a Simplex fire alarm system at the cost of $110,000. Plaintiff commenced this action for breach of contract. Following discovery, both parties moved for summary judgment. Supreme Court granted plaintiff's cross motion as to liability, denied defendant's motion and ordered a hearing on damages. This appeal by defendant ensued.

Initially, we reject defendant's contentions that OGS approval of the fire alarm system was a prerequisite to the formation of a valid contract. It has been long settled that a complete written contract contains all the terms agreed to by the parties *(see, e.g., Braten v Bankers Trust Co.,* 60 NY2d 155, 162). Here, defendant's quotation clearly indicates that all systems are to be provided in accordance with the "plans and specifications" and plaintiff's purchase order stated that "[a]ll [a]bove systems are furnished as per plans and specifications". Thus, the parties' contractual terms unambiguously refer to OGS plans and specifications, which clearly indicate that OGS approval of a particular fire alarm system is necessary under certain circumstances. Such specific approval of a particular system as a term of the contract is to be distinguished from a condition precedent to the entire contract. Thus, defendant's position that OGS approval was a necessary prerequisite to a valid contract is without merit.

Next, we reject defendant's contention that plaintiff's contractual obligation with OGS relieved it of its separate contractual duty to provide plaintiff with a fire alarm system that complied with OGS plans and specifications. Defendant's attempt to draw a distinction between its obligation to provide plaintiff with a fire alarm system in accordance with OGS plans and specifications and any claimed obligation to guarantee that the system would be approved by OGS is without merit. The record clearly indicates that OGS withheld approval of defendant's system on three separate occasions because defendant failed to meet the requirements described in paragraph 1.02 (B) of the OGS plans and specifications, which provide, in part, "If brand names other than those specified are proposed for use, furnish the name * * * of at least 3 comparable installations which can prove the proposed products have operated satisfactorily for one year." No such proof was submitted by defendant, which was bound to meet these requirements of the plans and specifications.

We are also unpersuaded by defendant's argument that it was only obligated to sell plaintiff the system and that plaintiff retained sole responsibility for any deviation of the purchased system from OGS requirements. The record is clear that defendant could only perform its obligations under its contract with plaintiff by supplying a fire alarm system that complied with OGS plans and specifications, such as that recited above.

Finally, we must determine whether plaintiff's damages are limited to the cost of the fire alarm system as provided by the

limitation in paragraph 6 of the terms and conditions of sale of defendant's quotation. There is no dispute that the Uniform Commercial Code applies to the contract at issue. Unfortunately, the parties seem to be characterizing this issue as one involving a breach of warranty and disclaimer. It appears, however, that paragraph 6 is more than a disclaimer of warranty; it also provides a limitation on the buyer's remedies under UCC 2-719 (1). The paragraph provides, in pertinent part: "THE FOREGOING WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. [PLAINTIFF'S] EXCLUSIVE REMEDY WITH RESPECT TO ANY AND ALL LOSSES OR DAMAGES RESULTING FROM ANY CAUSE WHATSOEVER, INCLUDING [DEFENDANT'S] NEGLIGENCE, SHALL BE REPAIR OR REPLACEMENT AS SPECIFIED ABOVE. *[DEFENDANT] SHALL IN NO EVENT BE LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES OF ANY NATURE, INCLUDING WITHOUT LIMITATION, DAMAGES FOR OR PERSONAL INJURY OR DAMAGES TO PROPERTY, AND HOWEVER OCCASIONED, WHETHER ALLEGED AS RESULTING FROM BREACH OF WARRANTY OR CONTRACT BY [DEFENDANT] OR NEGLIGENCE OF [DEFENDANT] OR OTHERWISE; AND [DEFENDANT'S LIABILITY UNDER NO CIRCUMSTANCES SHALL EXCEED THE PURCHASE PRICE FOR THE SPECIFIC EQUIPMENT ON WHICH LIABILITY IS CLAIMED.* NO SUIT OR ACTION SHALL BE BROUGHT AGAINST [DEFENDANT] MORE THAN ONE (1) YEAR AFTER THE ACCRUAL OF THE CAUSE OF ACTION THEREFOR" (emphasis supplied).

Clearly, defendant has limited its liability for breach of contract to the purchase price of the fire alarm system in a manner permitted by UCC 2-719 (1). There can be no question that this provision is a term of the parties' contract, which was formed when defendant forwarded its signed quotation, including the above limitation term, and plaintiff returned a signed purchase order in accordance with the quotation's instructions, thereby effectively accepting defendant's terms *(see,* UCC 2-207 [1]). In this regard, plaintiff's purchase order states only additional terms, assent to which was not made a condition of acceptance (UCC 2-207 [1]). Defendant has thus won the battle of the forms *(see,* White and Summers, Uniform Commercial Code § 1-3, at 28 *et seq.* [3d ed]). Accordingly, plaintiff's damages must be limited to the cost of the fire alarm system in accordance with the above limitation. Since there seems to be some dispute as to that amount, we deem it appropriate for Supreme Court to resolve this matter.

Order modified, on the law, without costs, by limiting any damages awarded to plaintiff to the cost of the fire alarm system in the parties' contract, and, as so modified, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.