■ FRANK L. BUFFARDI, Appellant, v FRANK J. PARILLO, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Simone, Jr., J.), entered July 7, 1989 in Saratoga County, upon a decision of the court in favor of defendant.

Plaintiff, as the owner of a parcel of commercial property in the City of Saratoga Springs, Saratoga County, entered into a lease agreement in May 1981 with defendant, who intended to use the property as a gasoline filling station. It is undisputed that during negotiations leading up to the execution of the lease, plaintiff informed defendant of the existence of a number of liens against the property, including a tax lien held by the Internal Revenue Service (hereinafter IRS). Plaintiff assured defendant that arrangements could be made with the IRS and other creditors to protect defendant's leasehold interest, and he agreed to seek agreements from the creditors whereby they would accept an assignment of rents in lieu of foreclosure on the property. Although the lease executed by the parties authorizes defendant to pay all or part of the rent to plaintiff's creditors, it contains no express reference to plaintiff's obligation to obtain assignments of rent from his creditors. The lease does, however, provide that the "[l]ease is contingent upon [defendant] obtaining all necessary governmental approvals and permits and no rental shall become due hereunder until and unless such approvals are obtained".

During the summer of 1981, defendant obtained the necessary approvals from the city's Zoning Board of Appeals and its Planning Board for certain improvements to the property, including the erection of a canopy. His application for a building permit, however, was denied, initially on the ground that the designed snow load of the canopy was inadequate, and after this defect was remedied, on the ground that the plans and specifications did not have the requisite signature and seal of a State-licensed architect or engineer. It appears that defendant made some initial inquiries about curing this latter defect, but did not consult with a State-licensed architect or engineer; nor did he take any other affirmative steps to remedy this defect. Instead, some time in late 1981 or early 1982, defendant decided not to proceed with the transaction, since the cost of renovating the property was substantial and he had received no written assurance from plaintiff, in the form of assignments of rent to the various creditors, that his investment was not at risk from foreclosure by one or more of the many creditors.

Plaintiff then commenced this action, seeking to recover rent and taxes allegedly due under the lease. After a trial

without a jury, Supreme Court held that the parties' lease agreement was uncertain in many aspects and that the writing was not intended to ripen into a binding contract until defendant received assurances that plaintiff's creditors would accept assignments of rent in lieu of foreclosure. The court also found that plaintiff had not produced the required assurances concerning his creditors and that defendant had acted as a prudent businessman in electing not to continue his efforts to obtain a building permit. Based upon these findings, Supreme Court dismissed plaintiff's complaint and granted defendant's counterclaim to recover his payment to a mortgagee, made at about the time defendant signed the lease in order to avoid foreclosure. Plaintiff appeals from the judgment entered on the court's decision.

We agree with plaintiff that the claimed uncertainties in the parties' lease agreement should not be used to defeat the reasonable expectations of the parties in entering into the contract (see, Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482-483). This is not a case of impenetrable vagueness and uncertainty as to any material matter (see, Martin Delicatessen v Schumacher, 52 NY2d 105). The only real matter of uncertainty concerns the assignments of rent, and plaintiff concedes that he agreed to obtain them. Nor do we view the provisions concerning the assignments of rent and the issuance of governmental approvals or permits as prerequisites to a valid contract (see, Matco Elec. Co. v American Dist. Tel. Co., 156 AD2d 840). Rather, we view the lease as a valid contract, whereby plaintiff agreed to produce written assurances to defendant in the form of assignments of rent in lieu of foreclosure by plaintiff's creditors and defendant agreed to obtain all necessary governmental approvals and permits, with defendant's obligation to pay rent conditioned on the parties' performance of these two provisions. In short, each provision constitutes both a condition and a promise (see, Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 113, n). Inasmuch as no time limitation for the parties' performance of these promises was specified in the lease, a reasonable time is implied, to be determined on the basis of the particular facts and circumstances of this case (see, Young v Whitney, 111 AD2d 1013).

It is undisputed that neither party performed his obligation. Defendant contends that he made a good-faith effort to obtain all of the necessary governmental approvals, but the record does not support this claim. On the contrary, it appears that defendant abandoned his effort to obtain the building permit

without consulting a State-licensed architect or engineer. Although the law does not require a party to fulfill a condition of a contract that is incapable of fulfillment and is not that party's fault, there must be a genuine effort to fulfill the condition *(see, Cone v Daus,* 120 AD2d 788, 790). In the absence of any evidence in the record concerning the time, effort, cost and feasibility of obtaining the signature and seal of a State-licensed architect or engineer, as required by the city's Building Inspector, defendant's claim that he was justified in abandoning his effort to obtain a building permit must fail. Also lacking is any evidence of a genuine effort by plaintiff to obtain the assignments of rent in lieu of foreclosure from his creditors, which he agreed to do.

As a final matter, we find no merit in each party's claim that he was relieved from the obligation to perform by the other party's failure to perform. Neither party engaged in the type of conduct that frustrated or prevented the other party from performing *(cf., Kooleraire Serv. & Installation Corp. v Board of Educ.,* 28 NY2d 101, 106), and since both conditions were to be fulfilled in a reasonable time, neither party was justified in waiting for the other party to perform first. Based upon the evidence in the record, we find that each party breached an obligation due and owing under the contract and that, therefore, neither party is entitled to damages from the other. The judgment must be modified accordingly.

Judgment modified, on the law and the facts, without costs, by deleting the second decretal paragraph and substituting therefor a provision dismissing defendant's counterclaim, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.