■ Ocap Acquisition Corp., Appellant-Respondent, v Paco Pharmaceutical Services, Inc., et al., Respondents-Appellants. [618 NYS2d 296] —Order, Supreme Court, New York County (Stephen Crane, J.), entered May 18, 1994, which, in an action for breach of contract and of the implied covenant of good faith and fair dealing, *inter alia,* denied plaintiff buyer's motion for summary judgment on the issue of liability, and denied defendant seller's cross motion for summary judgment, unanimously affirmed, without costs.

We agree with the IAS Court that the parties' conflicting affidavits raised issues of fact, including the seller's willingness and the buyer's ability to close after March 16, 1992, the date after which the seller could withdraw if the closing had not yet occurred through no fault of its own but which was not fixed as a closing date, the degree to which the seller sought to impose additional terms after the agreement was executed, and the degree to which the parties cooperated in attempts to obtain necessary consents from the seller's landlords. It cannot be concluded from the failure to obtain such consents that the seller intentionally frustrated the occurrence of a condition precedent or otherwise engaged in the "type of conduct" that would warrant judgment as a matter of law *(Buffardi v Parillo,* 168 AD2d 812, 814).

We have considered the parties' remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Asch and Tom, JJ.