# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1131**

**TP 13-00612**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF MONROE COUNTY AND MONROE
COUNTY SHERIFF'S OFFICE, PETITIONERS,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS
BOARD AND MONROE COUNTY DEPUTY SHERIFF'S
ASSOCIATION, INC., RESPONDENTS.

---

HARRIS BEACH, PLLC, PITTSFORD (KARLEE S. BOLANOS OF COUNSEL), FOR
PETITIONERS.

DAVID P. QUINN, ALBANY, FOR RESPONDENT NEW YORK STATE PUBLIC
EMPLOYMENT RELATIONS BOARD.

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (DANIEL P. DEBOLT OF
COUNSEL), FOR RESPONDENT MONROE COUNTY DEPUTY SHERIFF'S ASSOCIATION,
INC.

---------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Monroe County [Thomas A.
Stander, J.], entered April 3, 2013) to review a determination of
respondent New York State Public Employment Relations Board.  The
determination, among other things, affirmed the decision of the
Administrative Law Judge finding that petitioners had violated Civil
Service Law § 209-a (1) (d).

It is hereby ORDERED that the determination is unanimously
confirmed without costs, the petition is dismissed and the
counterclaim of respondent New York State Public Employment Relations
Board for enforcement of its order dated November 14, 2012 is granted.

Memorandum:  This case arises from an improper practice charge
filed by respondent Monroe County Deputy Sheriff's Association, Inc.
(MCDSA) alleging that petitioner Monroe County Sheriff's Office
assigned non-MCDSA members to perform certain security screening work
at the Monroe County Jail and the Monroe County Correctional Facility
that had previously been performed exclusively by MCDSA members.
Following a hearing, the Administrative Law Judge (ALJ) determined
that petitioners had violated Civil Service Law § 209-a (1) (d) by
assigning the duties of security screening at the jail and at the
correctional facility to non-MCDSA employees.  Respondent New York
State Public Employment Relations Board (PERB) denied the exceptions

filed by petitioners and affirmed the ALJ's decision.  Petitioners then commenced this CPLR article 78 proceeding.

Contrary to petitioners' contention, the determination of PERB that petitioners violated Civil Service Law § 209-a (1) (d), i.e., that the work in question had been reassigned to non-MCDSA members, that the reassigned tasks are substantially similar to those previously performed by MCDSA members, and that the qualifications for the job at issue did not change significantly (*see Matter of State of N.Y. Dept. of Correctional Servs. v Kinsella*, 220 AD2d 19, 22), is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).  Contrary to petitioners' further contention, public policy considerations do not require annulment of PERB's determination (*see Matter of City of New York v Board of Collective Bargaining of the City of N.Y.*, 107 AD3d 612, 612-613; *cf. Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 19 NY3d 876, 878).  Moreover, we conclude that petitioners waived their contention that MCDSA did not timely file the improper practice charge (*see 4 NYCRR 204.1; Matter of Watt v Town of Gaines*, 140 AD2d 947, 947, *lv denied in part and dismissed in part* 72 NY2d 1040; *see also Mendez v Steen Trucking*, 254 AD2d 715, 716; *Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 147 AD2d 574, 574, *amended* 156 AD2d 842, *lv dismissed* 78 NY2d 1122).  In any event, that contention is without merit.

Entered:  November 8, 2013                      Frances E. Cafarell
                                                Clerk of the Court