■ In the Matter of HEWLETT-WOODMERE UNION FREE SCHOOL DISTRICT, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and HEWLETT-WOODMERE FACULTY ASSOCIATION, Intervenor. [648 NYS2d 672] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board, dated June 27, 1995, which affirmed a determination of an Administrative Law Judge, dated November 21, 1994, finding that the petitioner had violated Civil Service Law § 209-a (1) (d) by assigning bargaining-unit work to employees not in the bargaining unit.

Adjudged that the determination is confirmed and the proceeding is dismissed, with costs.

In the spring of 1992, the petitioner Hewlett-Woodmere Union Free School District (hereinafter the District) abolished the bargaining-unit position of Media Specialist at all of its elementary schools. That fall, the District hired nonunit civil service Librarians, who commanded a lower salary, to replace the Media Specialists. The Hewlett-Woodmere Faculty Association (hereinafter the Association) filed an improper practice charge with the respondent Public Employment Relations Board (hereinafter PERB), alleging that the District's actions had violated Civil Service Law § 209-a (1) (d) by unilaterally subcontracting unit work to nonunit employees without first engaging in mandatory negotiations. A hearing was held before an Administrative Law Judge, and the Judge determined, *inter alia,* that a violation had indeed occurred. The District appealed to PERB, which affirmed the Administrative Law Judge's determination.

We find no merit to the District's contention that the Administrative Law Judge should have dismissed the charge at the close of the Association's evidence. Where, as here, an improper practice charge is grounded upon a theory of unilateral subcontracting, the attempted initiation of negotiations by the employee organization is not a prerequisite to the filing of an improper practice charge under Civil Service Law § 209-a (1) (d) (*see, Matter of Administrative Supervisory Assn.,* 26 PERB ¶ 3003; *Matter of Wappingers Cent. School Dist.,* 19 PERB ¶ 3037; *Matter of County of Cattaraugus,* 8 PERB ¶ 3062).

Moreover, based upon our review of the record, we find PERB's determination that a violation occurred is supported by substantial evidence (*see,* CPLR 7803 [4]). There was ample evidence in the record establishing that the actual duties performed by the civil service Librarians were substantially similar to the actual duties which had exclusively been performed by the Media Specialists (*see, Matter of Niagara Frontier Transp. Auth.,* 18 PERB ¶ 3083; *Matter of Avoca Cent. School Dist.,* 15 PERB ¶ 3128; *Matter of East Ramapo Cent. School Dist.,* 10 PERB ¶ 3064).

The District's remaining contentions are without merit. Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.