■ NEW YORK STATE THRUWAY AUTHORITY, Petitioner, v MICHAEL R. CUEVAS, as Chairman of the Public Employment Relations Board, et al., Respondents. [719 NYS2d 360] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that petitioner had committed an improper employer practice.

This case arises out of an improper practice charge filed against petitioner on behalf of equipment operators who claim that, prior to August 1997, they were exclusively responsible for painting pavement markings on the Thruway, except in cases of major construction or rehabilitation projects where all of the work, including the pavement marking, was done by private contractors. More specifically, the bargaining representative for these equipment operators charged that by unilaterally deciding in August 1997 to subcontract work with private entities for the performance of certain epoxy painting, petitioner violated Civil Service Law § 209-a (1) (d). Petitioner responded to the charge by asserting that all of its existing equipment was designed to apply only water-based or lead-based paint and that none of its employees was trained to apply the epoxy paint. It argued that private contractors were needed to apply the more durable epoxy pavement markings because the procedure for painting with epoxy was substantially different from the procedures used by its employees for applying water-based and lead-based paints. It also argued that because it had subcontracted an epoxy painting project in 1993 without objection, the charge at issue, not filed until 1997, was untimely.

Following a hearing, an Administrative Law Judge (hereinafter ALJ), in a lengthy decision, found that the affected employees reasonably believed that the limited epoxy painting subcontracted in 1993 was done on an experimental basis only. The ALJ further found that no additional epoxy painting had been done between 1993 and 1997.* Accordingly, the ALJ ruled that the 1993 epoxy work did not constitute an adverse action such that the charge at issue was untimely. As to the merits of the charge, the ALJ found that the epoxy painting procedures were "substantially similar" to those previously performed by petitioner's employees and, consequently, the decision to unilaterally subcontract the pavement marking work to a private contractor without negotiating with the bargaining representative was a violation of Civil Service Law § 209-a (1) (d). This determination was unanimously affirmed by respondent Public Employment Relations Board (hereinafter PERB). The instant CPLR article 78 proceeding challenging PERB's determination as unsupported by substantial evidence was transferred to this Court for resolution (see, CPLR 7804 [g]).

Limited, as we are, to determine whether substantial evidence exists to support the agency's determination (see, Matter of Purdy v Kreisberg, 47 NY2d 354, 358), we confirm. With respect to the timeliness issue, it is clear that a charging party must file an improper practice charge within four months of its knowledge of the alleged improper practice (see, 4 NYCRR 204.1 [a] [1]). Petitioner argues that since it decided to use an outside contractor for epoxy painting in 1993, the 1997 improper practice charge is untimely. However, the testimony of petitioner's employees to the effect that their supervisors advised them that the 1993 application was an experiment, especially when combined with petitioner's own conduct in not subcontracting epoxy painting (except in one isolated incident) between 1993 and 1997, certainly established sufficient record support for PERB's determination that the improper practice charge was timely (see generally, Matter of Civil Serv. Empls. Assn., 27 PERB ¶ 3057; Matter of Otselic Val. Teachers Assn., 28 PERB ¶ 4636).

We reach a similar conclusion on the question of whether the epoxy painting was "substantially similar" to the water-based and lead-based painting done by the objecting employees (see, Matter of Hewlett-Woodmere Union Free School Dist. v New

---

* There is record evidence of one additional epoxy road painting project which occurred sometime between 1993 and 1997, but the employee who testified to this application understood that it also was done on an experimental basis.

*York State Pub. Empl. Relations Bd.*, 232 AD2d 560; *Matter of State of N. Y. Dept. of Correctional Servs. v Kinsella*, 220 AD2d 19, 22; *see also, Matter of Niagara Frontier Transp. Auth. [Niagara Frontier Transp. Auth. Pub. Safety Officers Benevolent Assn.]*, 18 PERB ¶ 3083, at 3182). Notwithstanding petitioner's argument that the epoxy paint process is more complex than either the water-based or lead-based paint processes because it involves the mixing of components in a chemical process and the application of paint under high pressure, PERB found, and the record supports, that it is still a process in which the pavement markings are painted on the road surface in essentially the same manner. Just because the equipment on the epoxy truck might be more complicated or more hazardous than equipment currently employed by petitioner does not mean that the tasks required for operating the different equipment are substantially dissimilar (*see generally, Matter of Hewlett-Woodmere Union Free School Dist. v New York State Pub. Empl. Relations Bd., supra*; *Matter of State of N. Y. Dept. of Correctional Servs. v Kinsella, supra*; *compare, Matter of New York State Nurses Assn.*, 31 PERB ¶ 3033).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.