[847 NE2d 1146, 814 NYS2d 572]

In the Matter of POUGHKEEPSIE PROFESSIONAL FIRE-
FIGHTERS' ASSOCIATION, LOCAL 596, IAFF, AFL-CIO-CLC, et
al., Appellants, v NEW YORK STATE PUBLIC EMPLOYMENT
RELATIONS BOARD et al., Respondents.

Argued February 8, 2006; decided March 28, 2006

**POINTS OF COUNSEL**

*Gleason, Dunn, Walsh & O'Shea,* Albany (*Ronald G. Dunn* of counsel), for appellants. I. Upon review, the Public Employment Relations Board's determination is not entitled to deference. (*Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd.,* 83 NY2d 315; *Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.,* 75 NY2d 660; *Matter of Rosen v Public Empl. Relations Bd.,* 72 NY2d 42; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480.) II. The Poughkeepsie Professional Firefighters' Association's proposal calling for arbitration to review the municipalities' initial General Municipal Law § 207-a determination is a mandatory subject of bargaining. (*Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.,* 263 AD2d 797, 95 NY2d 73; *Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.,* 75 NY2d 660; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480; *Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd.,* 83 NY2d 315; *Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO],* 94 NY2d 686; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.],* 93 NY2d 132; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509;

*Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d
23.) III. The Public Employment Relations Board (PERB) deci-
sion was properly overturned as PERB is effectively legislating
a standard of review in any negotiation of General Municipal
Law § 207-a procedure in violation of General Municipal Law
§ 207-a and *Matter of City of Watertown v State of N.Y. Pub.
Empl. Relations Bd.* (95 NY2d 73 [2000]). (*Matter of Auburn Po-
lice Local 195, Council 82, Am. Fedn. of State, County & Mun.
Empls., AFL-CIO v Helsby,* 62 AD2d 12, 46 NY2d 1034; *Local
589, Intl. Assn. of Fire Fighters, AFL-CIO v City of Newburgh,*
116 AD2d 396.)

*Robert A. DePaula,* Albany, for New York State Public Employ-
ment Relations Board, respondent. I. The scope of judicial
review of the Public Employment Relations Board's (PERB) ne-
gotiability determination is limited to whether PERB's determi-
nation was legally permissible or whether it breached a
constitutional right or protection. (*Matter of Newark Val. Cent.
School Dist. v Public Empl. Relations Bd.,* 83 NY2d 315.) II.
The Appellate Division, Third Department did not err in affirm-
ing the Public Employment Relations Board's decision that the
Poughkeepsie Professional Firefighters' Association's proposed
procedure sought to obtain a redetermination, thereby render-
ing the demands nonmandatory. (*Matter of City of Watertown v
State of N.Y. Pub. Empl. Relations Bd.,* 95 NY2d 73; *Matter of
Schenectady Police Benevolent Assn. v New York State Pub.
Empl. Relations Bd.,* 85 NY2d 480; *Matter of Brzostek v City of
Syracuse,* 238 AD2d 947, 92 NY2d 1026, 266 AD2d 836; *Matter
of Essex County v Zagata,* 91 NY2d 447.) III. Neither the Public
Employment Relations Board's decision nor the decision of the
Appellate Division, Third Department legislated a standard of
review. (*Greystone Mgt. Corp. v Conciliation & Appeals Bd. of
City of N.Y.,* 94 AD2d 614, 62 NY2d 763; *Matter of Pell v Board
of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale
& Mamaroneck, Westchester County,* 34 NY2d 222; *Matter of Sil-
verman [Benmor Coats],* 61 NY2d 299.)

*Stephen J. Wing, Corporation Counsel,* Poughkeepsie, for City
of Poughkeepsie, respondent. I. This Court's review is limited to
whether the Public Employment Relations Board's determina-
tion was legally permissible or whether it breached a constitu-
tional right or protection. (*Matter of West Irondequoit Teachers
Assn. v Helsby,* 35 NY2d 46; *Matter of Incorporated Vil. of Lyn-
brook v New York State Pub. Empl. Relations Bd.,* 48 NY2d 398;
*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF,*

*AFL-CIO v Cuevas,* 276 AD2d 184, 96 NY2d 711; *Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd.,* 83 NY2d 315; *Matter of Newark Val. Cardinal Bus Drivers, Local 4360, NYSUT, AFT, AFL-CIO v New York State Pub. Empl. Relations Bd.,* 303 AD2d 888, 100 NY2d 504; *Matter of Town of Carmel Police Benevolent Assn. v Public Empl. Relations Bd. of State of N.Y.,* 267 AD2d 858.) II. The Appellate Division correctly decided that the specific language of appellant's proposed General Municipal Law § 207-a procedure undermined respondent's statutory right to make the initial determination. (*Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.,* 95 NY2d 849; *Matter of Cook v City of Utica,* 88 NY2d 833; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480; *Matter of DePoalo v County of Schenectady,* 85 NY2d 527; *Matter of City of Syracuse v Public Empl. Relations Bd.,* 279 AD2d 98.)

*Trevett, Lenweaver & Salzer, P.C.,* Rochester (*Lawrence J. Andolina* and *Daniel P. DeBolt* of counsel), for New York State Deputies Association, amicus curiae. I. The Public Employment Relations Board's decision is not entitled to deference. (*Matter of Webster Cent. School Dist. v Public Empl. Relations Bd. of State of N.Y.,* 75 NY2d 619; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480; *Matter of Town of Carmel v Public Empl. Relations Bd. of State of N.Y.,* 246 AD2d 791; *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.,* 95 NY2d 73; *Matter of White v County of Cortland,* 283 AD2d 826.) II. The decision below is inimical to the purpose of the Taylor Law and General Municipal Law §§ 207-a and 207-c. (*Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.,* 95 NY2d 73; *Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.,* 75 NY2d 660; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480; *Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.,* 75 NY2d 660; *Board of Educ. of City School Dist. of City of Buffalo v Pisa,* 55 AD2d 128; *Pattern Makers v NLRB,* 473 US 95; *NLRB v Allis-Chalmers Mfg. Co.,* 388 US 175; *Matter of Webster Cent. School Dist. v Public Empl. Relations Bd. of State of N.Y.,* 75 NY2d 619; *Matter of City of Syracuse v Public Empl. Relations Bd.,* 279 AD2d 98.) III. The Third Department's decision is inconsistent with *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.* (95 NY2d 73 [2000]). (*Matter*

*of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480; *Matter of Sutherland v Glennon*, 221 AD2d 893; *United States v Vasquez*, 389 F3d 65; *United States v Kostakis*, 364 F3d 45.) IV. The arbitration system proposed by the Poughkeepsie Professional Firefighters' Association does not take away from the City of Poughkeepsie's right to make initial determinations. (*Matter of County of Westchester v Westchester County Correction Officers Benevolent Assn.*, 278 AD2d 414; *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73; *Matter of Jamie R. v Consilvio*, 17 AD3d 52; *Gulf Ins. Co. v Transatlantic Reins. Co.*, 13 AD3d 278; *Matter of Dranov*, 14 AD3d 156; *Doe v HMO-CNY*, 14 AD3d 102; *Matter of Sherwin-Williams Co. v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y.*, 12 AD3d 112.) V. Practical and equitable considerations favor mandatory negotiations regarding review of the City of Poughkeepsie's initial General Municipal Law § 207-a determinations.

*Donna M.C. Giliberto,* Albany, for New York State Conference of Mayors and Municipal Officials, amicus curiae. I. The Public Employment Relations Board was acting within the scope of its authority in deciding that the bargaining demand at issue in this litigation was not a mandatory subject of negotiation. Therefore, the Court should defer to the agency's determination. (*Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.*, 48 NY2d 398; *Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46.) II. The decision under review in this litigation is rational, not tainted by error, and not an abuse of discretion. (*Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v Associated Teachers of Huntington*, 30 NY2d 122; *County of Sullivan v Edward L. Nezelek, Inc.*, 42 NY2d 123; *Matter of Schlaifer v Sedlow*, 51 NY2d 181; *Matter of State Farm Ins. Co. v Smith*, 277 AD2d 390; *Matter of Anagnostopoulos v Union Turnpike Mgt. Corp.*, 300 AD2d 393.) III. The Public Employment Relations Board is not abandoning arbitration as a means of resolving contractual disputes. (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132; *Matter of Auburn Police Local 195, Council 82, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v Helsby*, 46 NY2d 1034; *Matter of City of Mount Vernon v Cuevas*, 289 AD2d 674; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown*, 149 AD2d 516; *Matter of Nieves v Haera*, 165 AD2d 201; *Matter of City of New York v MacDonald*, 201 AD2d 258, 83 NY2d 759; *Matter of Town of Greenburgh [Police Assn. of Town of Green-*

*burgh]*, 94 AD2d 771, 60 NY2d 551; *Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 13 AD3d 879.)

*Hinman Straub P.C.*, Albany (*John F. Black* and *David W. Novak* of counsel), for New York State Professional Fire Fighters Association, I.A.F.F., AFL-CIO, amicus curiae. The Appellate Division's reasoning is contrary to this Court's decision in *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.* (95 NY2d 73 [2000]) and would unnecessarily and detrimentally affect existing interest awards and future collective bargaining with respect to firefighter locals. (*Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480.)

*Coughlin & Gerhart, L.L.P.*, Binghamton (*Mary Louise Conrow* and *Jeffrey Husisian* of counsel), for Hartsdale Fire District and others, amici curiae. I. The Appellate Division, Third Department was correct when it held that a demand allowing for a redetermination or "de novo" review of a municipal decision pursuant to General Municipal Law § 207-a was not a mandatory subject of bargaining. (*Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480; *Matter of DePoalo v County of Schenectady*, 85 NY2d 527; *Matter of Theroux v Reilly*, 1 NY3d 232; *Matter of City of Schenectady v New York State Pub. Empl. Relations Bd.*, 132 AD2d 242; *Matter of Poster v Strough*, 299 AD2d 127; *Matter of Mandle v Brown*, 5 NY2d 51; *Matter of Newbrand v City of Yonkers*, 285 NY 164.) II. Allowing the Poughkeepsie Professional Firefighters' Association's demand to be a subject of mandatory bargaining may result in elimination of a municipality's management rights. (*Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle*, 37 NY2d 526; *Matter of Faliveno v City of Gloversville*, 228 AD2d 19; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299; *Lentine v Fundaro*, 29 NY2d 382; *Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677; *Matter of Goldfinger v Lisker*, 68 NY2d 225; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623; *Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364; *Matter of Peckerman v D & D Assoc.*, 165 AD2d 289; *Matter of Matra Bldg. Corp. v Kucker*, 2 AD3d 732.) III. Allowing binding arbitration for other statutory proceedings is not dispositive of whether or not General Municipal Law § 207-a benefits should be subject to binding arbitration.

OPINION OF THE COURT

READ, J.

Section 207-a of the General Municipal Law mandates payment of the full amount of regular salary or wages to a paid firefighter "who is injured in the performance of his duties" or taken ill "as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment" (General Municipal Law § 207-a [1]). These payments continue until the disability ceases, or the disabled firefighter is granted a disability retirement. Payments stop if the firefighter either performs, or refuses to perform, light-duty work. The municipality is also liable for all medical treatment and hospital care necessitated by the illness or injury.

In their 1995-1998 collective bargaining agreement, the City of Poughkeepsie and the Poughkeepsie Professional Firefighters' Association agreed to negotiate a procedure to implement section 207-a for the City's firefighters. After negotiations proved fruitless, the Association concluded that impasse had been reached and petitioned the New York State Public Employment Relations Board (PERB or the Board) for compulsory interest arbitration. The City responded by filing an improper practice charge, alleging that the Association had violated Public Employees' Fair Employment Act (Civil Service Law) § 209-a (2) (b), the Taylor Law. Specifically, the Association's demands included proposals for de novo arbitral review to resolve disputes over a firefighter's initial and continuing eligibility for General Municipal Law § 207-a benefits. The City insisted that these proposals were not mandatory subjects of bargaining.

PERB agreed. The Board viewed the Association's proposals for de novo review as infringing upon the City's exclusive statutory authority to make initial eligibility and termination decisions (see Matter of City of Poughkeepsie [Poughkeepsie Professional Firefighters' Assn., Local 596, I.A.F.F., AFL-CIO-CLC], 33 PERB ¶ 3029 [2000]). The Association had "misinterpreted the import" (id. at 3078) of Matter of City of Watertown (Watertown Police Benevolent Assn.) (30 PERB ¶ 3072 [1997]), where PERB decided that a demand for arbitration of disputes involving eligibility for the benefits conferred by General Municipal Law § 207-c—section 207-a's counterpart for police officers— was a mandatory subject of negotiation. In Watertown, the union "merely requested" that any dispute over the City's initial determination "be processed to arbitration pursuant to PERB's Voluntary Dispute Resolution Procedure. There was no refer-

ence in the demand, either express or implied, that there would be a de novo review of the City's initial determination" (33 PERB ¶ 3029, at 3079). Accordingly, the demand in *Watertown* was for "a substitute appeal procedure in order to avoid commencing an Article 78 proceeding," and was found on this basis to be a mandatory subject of negotiations (*id.*).

After PERB's decision in *Poughkeepsie*, the Association reworked its proposal and the parties resumed collective bargaining. This time around, the Association omitted "de novo" from the text of its proposed section 207-a procedures, which called for an arbitrator to review a firefighter's eligibility for benefits, the termination of benefits and assignment to light duty. The proposal also recited that the City would have "exclusive authority to initially determine the applicant's eligibility."

Again, the parties were unable to negotiate an agreement, the Association petitioned PERB for compulsory interest arbitration and the City filed an improper practice charge in response. The City claimed that the modifications made by the Association to its previous demands were "cosmetic" only, and that its proposal still called for an arbitrator to make a decision on the merits of section 207-a claims. As a result, the demands "effectively wrest[ed] from the City the authority vested in it by GML § 207-a to make the initial determination," and were nonmandatory subjects of collective bargaining.

Once again, PERB sided with the City. PERB concluded that the Association's demands sought "review not of the City's determinations of eligibility, termination of benefits and light duty but of the employees' underlying claims," and therefore "infringe[d] upon authority vested exclusively within municipalities by the statute" (*Matter of City of Poughkeepsie [Poughkeepsie Professional Firefighters' Assn., Local 596, I.A.F.F., AFL-CIO, CLC]*, 36 PERB ¶ 3014, at 3042 [2003]). Accordingly, the Association's demands were nonmandatory subjects of negotiation, and its submission of them to interest arbitration was an improper practice in violation of section 209-a (2) (b) of the Taylor Law.

The Association commenced this CPLR article 78 proceeding, seeking annulment of PERB's determination. Supreme Court granted the Association's petition in its entirety. The Appellate Division subsequently reversed Supreme Court's judgment on the law, and dismissed the petition. We now affirm.

General Municipal Law § 207-a authorizes municipalities to make initial determinations about a firefighter's eligibility for benefits, and this authority is not a mandatory subject of collective bargaining (*see Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480 [1995]). A demand for a review procedure to contest a municipality's initial determination is, however, mandatorily negotiable (*see Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73 [2000]). After examining the language in the Association's proposal in light of these related, established principles, PERB concluded that the disputed demands afforded a firefighter de novo review—in effect, a fresh determination of the claim by an arbitrator—rather than arbitral review of the City's initial determination, using a procedure and standard of review tailored by the parties.

This appeal presents no question of statutory interpretation. Instead, the issue is whether PERB decided the City's improper practice charge based upon a reasonable reading of the Association's proposed contract language. PERB, as the agency charged with interpreting the Civil Service Law, is accorded deference in matters falling within its area of expertise, including the resolution of improper practice charges (*see Matter of County of Nassau [Nassau Community Coll.] v New York State Pub. Empl. Relations Bd.*, 76 NY2d 579, 585 [1990]). Because these matters are consigned to PERB's discretion, we may not disturb its determination unless irrational (*City of Watertown*, 95 NY2d at 81).

Here, the proposed language calls for the arbitrator to resolve the firefighter's claim, not review the City's initial determination, and to decide all allegations and defenses, including assertions regarding timeliness; contemplates trial-type evidentiary hearings with witnesses; and even assigns burdens of proof according to the type of determination at issue. We therefore find no irrationality in PERB's conclusion that the disputed demands set forth not a review procedure, but a redetermination procedure in derogation of the City's nondelegable statutory right to make initial determinations.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and R.S. SMITH concur.

Order affirmed, with costs.