Matter of Imbert v New York State Pub. Empl. Relations Bd. (2023 NY Slip Op 01647)

Matter of Imbert v New York State Pub. Empl. Relations Bd.

2023 NY Slip Op 01647

Decided on March 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2023

Before: Kern, J.P., Oing, Kennedy, Pitt-Burke, Higgitt, JJ. 

Index No. 812559/21E Appeal No. 17583 Case No. 2022-02535 

[*1]In the Matter of Claudia Imbert, Petitioner-Appellant,
v
New York State Public Employment Relations Board, et al., Respondents-Respondents.

Jerald D. Kreppel, New York, for appellant.
Michael T. Fois, Albany, for New York State Public Employment Relations Board, respondent.
Office of Robert T. Reilly, New York (Ariana A. Donnellan of counsel), for United Federation of Teachers, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for New Y0rk City Board of Education, respondent.

Judgment (denominated an order), Supreme Court, Bronx County (Alison Tuitt, J.), entered April 27, 2022, which denied a petition challenging respondent New York State Public Employment Relations Board's (PERB) determination, dated August 23, 2021, denying petitioner's unfair practice charge against petitioner's union, respondent United Federation of Teachers (UFT), and granted respondents' motions to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
PERB's determination that UFT did not breach its duty of fair representation to petitioner by declining to take petitioner's line-of-duty-injury (LODI) grievance to arbitration was not irrational (see Matter of Poughkeepsie Professional Firefighters' Assn., Local 596, IAFF, AFL-CIO-CLC v New York State Pub. Empl. Relations Bd., 6 NY3d 514, 522 [2006]). UFT decided not to arbitrate petitioner's grievance based on undisputed evidence that petitioner was not between work assignments when she was struck by a car but instead had completed her last assignment of the day and was on her way home, as well as the driver's statement that petitioner was using her cellphone when crossing the street. Given the Department of Education's criteria for LODI status requiring that the employee be "injured while performing duties connected with [her] assignment" and that the injury "could not have been foreseen or avoided with ordinary care by the injured employee" (Personnel Memorandum #4), UFT's decision was not so outside the "wide range of reasonableness" afforded to unions in their representation of members as to be arbitrary (Matter of Civil Serv. Bar Assn., Local 237 Intl. v City of New York, 99 AD2d 264, 272-273 [1st Dept 1984], affd 64 NY2d 188 [1984]).
Contrary to petitioner's arguments, the merits of her LODI claim are not before this Court. Because PERB's decision on petitioner's fair representation claim has a rational basis, this Court must affirm (see Matter of Uniformed Firefighters Assn. of Greater N.Y. v City of New York, 114 AD3d 510, 514 [1st Dept 2014], lv denied 23 NY3d 904 [2014]).
PERB's determination upholding the ALJ's decision not to order UFT to produce its arbitration statistics was also not irrational, since it was consistent with PERB's rules limiting the availability of discovery in improper practice charge disputes (see Rochester Teachers Assn., 45 PERB ¶ 3033, 3079 [2012]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2023