In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Petitioner/Cross-Respondent, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent/Cross-Petitioner, and TRANSIT WORKERS UNION, LOCAL 100, Respondent. [912 NYS2d 606]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board, dated June 16, 2009, which reversed a decision of an administrative law judge dated August 15, 2007, dismissing, after a hearing, the improper labor practice charge of the Transport Workers Union of Greater New York, Local 100, alleging that the petitioner violated Civil Service Law § 209-a (1) (d), and directed the petitioner, inter alia, to make whole certain employees, and, in effect, cross petition by the New York State Public Employment Relations Board to enforce its order.

Adjudged that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the cross petition is granted, with one bill of costs.

Judicial review of an administrative determination made af-

ter a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (*see Matter of Abraham v Cuevas*, 41 AD3d 840 [2007]; *Matter of Incorporated Vil. of Lake Success v New York State Pub. Empl. Relations Bd.*, 41 AD3d 599 [2007]; *Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd.*, 23 AD3d 481, 482 [2005]). While the findings of an Administrative Law Judge (hereinafter the ALJ) made after a hearing are entitled to deference upon review by an administrative board, the board is entitled to make its own findings provided that they are supported by substantial evidence (*see Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]; *Matter of Rockville Ctr. Teachers Assn., NYSUT, AFT, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 281 AD2d 425 [2001]). "The courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940]; *see Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd.*, 23 AD3d at 482).

Here, substantial evidence supported the determination of the New York State Public Employment Relations Board (hereinafter PERB) that the New York City Transit Authority (hereinafter the NYCTA) violated Civil Service Law § 209-a (1) (d) by implementing new standards (hereinafter the Standards) governing the off-duty secondary employment of NYCTA employees in certain titles without negotiating with the Transport Workers Union of Greater New York, Local 100 (hereinafter the TWU), the collective bargaining representative of the employees in those titles. "The Taylor Law [Civil Service Law § 200 *et seq.*] requires public employers to collectively bargain over 'terms and conditions of employment of the public employees' " (*Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc.*, 14 NY3d 46, 57 [2009], quoting Civil Service Law § 204 [2]), and there exists a "presumption . . . that all terms and conditions of employment are subject to mandatory bargaining" which cannot easily be overcome (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563, 572 [2006] [internal quotation marks omitted]; *see Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73, 79 [2000]). Under the Taylor Law, an employer's restriction on the use of nonworking time by employees is a term and condition of employment and, in general, constitutes a mandatory subject of negotiations (*see Matter of New York State Law*

*Enforcement Officers Union, Council 82, AFSCME, AFL-CIO, Local 2841 [City of Albany]*, 42 PERB ¶ 3005 [2009]; *Matter of Ulster County Sheriff's Empls. Assn. [Ulster County Sheriff]*, 27 PERB ¶ 3028 [1994]; *Matter of City of Newburgh [Local 589, Int'l Assn. of Fire Fighters, AFL-CIO]*, 16 PERB ¶ 3030 [1983]).

In its answer to the TWU's improper practice charge, the NYCTA admitted that it had not negotiated with the TWU before implementing the Standards, but raised the affirmative defense that it had an absolute right to implement them because they directly promoted the safety of the riding public, the NYCTA's essential mission. "[C]ertain decisions of an employer, though not without impact upon its employees, may not be deemed mandatorily negotiable terms and conditions of employment[ ] . . . because they are inherently and fundamentally policy decisions relating to the primary mission of the public employer" (*Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.*, 75 NY2d 660, 669 [1990]; *see Matter of County of Erie v State of N.Y. Pub. Empl. Relations Bd.*, 12 NY3d 72, 78 [2009]). " 'If [a public employer] is faced with an objectively demonstrable need to act in furtherance of its mission, the employer may unilaterally impose work rules which are related to that need, but only to the extent that its action does not significantly or unnecessarily intrude on the protected interests of its employees' " (*Matter of Lippman v Public Empl. Relations Bd.*, 296 AD2d 199, 209 [2002], quoting *Matter of County of Montgomery [Civil Serv. Empls. Assn.]*, 18 PERB ¶ 3077 [1985]; *see Matter of Niagara County Unit, Local 832, CSEA, Inc., Local 1000, AFSCME, AFL-CIO [County of Niagara (Mount View Health Facility)]*, 21 PERB ¶ 3014 [1988]). Here, there is substantial evidence in the record to support PERB's determination that the NYCTA did not have an objectively demonstrable need for the new Standards to act in furtherance of its mission which outweighed the impact of those Standards upon the employees to which they applied (*see Matter of Lippman v Public Empl. Relations Bd.*, 296 AD2d at 209).

Contrary to the NYCTA's contention, PERB properly considered whether the NYCTA was entitled to implement the Standards without negotiating with the TWU based upon the language of a particular provision of a prior NYCTA "Policy/Instruction" addressing off-duty secondary employment. PERB's review of an ALJ's decision is limited to matters included in the original charge or developed at the formal hearing (*see Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd.*, 73 NY2d 796, 798 [1988]; *Matter of New York State*

*Correctional Officers & Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 309 AD2d 1118, 1120 [2003]). Here, the NYCTA raised an affirmative defense that its implementation of the Standards was in accordance with the prior Policy/Instruction, and the ALJ concluded that the NYCTA's implementation of the Standards met the criteria of the subject provision of the prior Policy/Instruction. Accordingly, the "Policy/Instruction" was a matter raised during the formal hearing and PERB properly considered it. Moreover, to the extent, that PERB may have interpreted that provision in concluding that the NYCTA failed to satisfy the criteria set forth therein, PERB's interpretation was rational and reasonable (*cf. Matter of County of Nassau [Nassau Community Coll.] v New York State Pub. Empl. Relations Bd.*, 76 NY2d 579, 585-586 [1990]).

PERB's cross petition for enforcement of its remedial order must be granted (*see* Civil Service Law § 205 [5] [d]; § 213 [a]; *Matter of Hampton Bays Union Free School Dist. v Public Empl. Relations Bd.*, 62 AD3d 1066, 1069 [2009]).

The NYCTA's remaining contentions are without merit. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.