In the Matter of City of New York et al., Appellants, v Board of Collective Bargaining of the City of New York et al., Respondents. [967 NYS2d 646]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered November 4, 2010, which denied the petition brought pursuant to CPLR article 78 seeking to annul the decision of respondent Board of Collective Bargaining of the City of New York to grant the union respondents' improper practice petition, and granted respondents' cross motions to dismiss the proceeding, unanimously affirmed, without costs.

The federal regulations relied on by petitioners did not preempt their obligation to collectively bargain and permit them to unilaterally impose the disputed requirement of a doctor's "fit for duty" statement following an employee's absence from work for three or more days (see Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d 73, 77 [2000]). Nor were petitioners absolved from bargaining on "public policy" grounds based on the Department of Transportation's (DOT) mission of providing safety in the ferry system. The rec-

ord neither establishes that the rule unilaterally imposed by DOT would substantially further its core mission of safety (*see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 19 NY3d 876 [2012]), nor that any demonstrable need for the new standard outweighed its adverse impact on the collectively-bargained rights of the employees to whom it would apply (*see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 78 AD3d 1184, 1186 [2d Dept 2010], *affd* 19 NY3d 876 [2012], citing *Matter of Lippman v Public Empl. Relations Bd.*, 296 AD2d 199, 209 [3d Dept 2002]). Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Feinman, JJ.