Matter of City of Long Beach v New York State Pub. Empl. Relations Bd. (2020 NY Slip Op 05504)





Matter of City of Long Beach v New York State Pub. Empl. Relations Bd.


2020 NY Slip Op 05504


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-10975
 (Index No. 3811/17)

[*1]In the Matter of City of Long Beach, appellant,
v
New York State Public Employment Relations Board, et al., respondents.


Bond, Schoeneck & King, PLLC, Garden City, NY (Emily E. Iannucci and Terry O'Neil of counsel), for appellant.
David P. Quinn, General Counsel, Albany, NY (Ellen M. Mitchell of counsel), for respondent New York State Public Employment Relations Board.
Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY, for respondent Long Beach Professional Firefighters Association, IAFF, Local 287.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board dated November 6, 2017, which determined that the petitioner violated Civil Service Law § 209-a(1)(d), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated July 6, 2018. The order and judgment granted the motion of the respondent New York State Public Employment Relations Board to dismiss the petition, and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is reversed, on the law, with one bill of costs, the motion of the respondent New York State Public Employment Relations Board to dismiss the petition is denied, the petition is granted, the determination of the New York State Public Employment Relations Board dated November 6, 2017, is declared null and void, and the improper practice charge filed by the Long Beach Professional Firefighters Association, IAFF, Local 287, against the petitioner is dismissed with prejudice.
On November 12, 2014, nonparty Jay Gusler, a member of the respondent Long Beach Professional Firefighters Association, IAFF, Local 287 (hereinafter LBPFA), was injured in the line of duty. Gusler was absent from work starting on November 13, 2014. On November 10, 2015, the petitioner sent Gusler a letter notifying him that it was evaluating whether to exercise its right to separate Gusler from his employment pursuant to Civil Service Law § 71 once Gusler had been absent from work for more than one year due to injury. The letter notified Gusler that a hearing would be held and Gusler would have the opportunity to be heard, but that if he failed to attend the hearing, it would be determined that he did not contest the termination of his employment and a recommendation for termination would be made. The record does not reflect that Gusler ever responded to the notice to appear.
Thereafter, the LBPFA requested that the petitioner negotiate the procedure for separating a member from service under Civil Service Law § 71. The petitioner refused this request, and the LBPFA filed an improper practice charge against the petitioner, alleging that the petitioner violated Civil Service Law § 209-a(1)(d) by refusing to negotiate with the LBPFA. An administrative law judge determined that the petitioner had violated Civil Service Law § 209-a(1)(d), and the petitioner appealed to the respondent New York State Public Employment Relations Board (hereinafter PERB). PERB affirmed the determination, inter alia, that the petitioner had violated Civil Service Law § 209-a(1)(d), and directed the petitioner to rescind its procedure relating to Civil Service Law § 71 terminations. The petitioner then commenced this proceeding pursuant to CPLR article 78, alleging that PERB's determination was arbitrary and capricious. PERB moved to dismiss the petition, and the Supreme Court granted its motion and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"It is well settled that '[t]he Taylor Law requires collective bargaining over all terms and conditions of employment'" (Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 19 NY3d 876, 879, quoting Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d 563, 572). The Court of Appeals has "'made clear that the presumption . . . that all terms and conditions of employment are subject to mandatory bargaining cannot easily be overcome'" (Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 19 NY3d at 879, quoting Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d at 572; see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 78 AD3d 1184, 1185, affd 19 NY3d 876). "The presumption in favor of bargaining may be overcome only in special circumstances where the legislative intent to remove the issue from mandatory bargaining is plain and clear, or where a specific statutory directive leaves no room for negotiation" (Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d 73, 78-79 [internal quotation marks omitted]). Additionally, "a subject that would result in [the public employer's] surrender of nondelegable statutory responsibilities cannot be negotiated" (Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd. 75 NY2d 660, 667). Finally, "'some subjects are excluded from collective bargaining as a matter of policy, even where no statute explicitly says so'" (Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc., 14 NY3d 46, 58, quoting Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d at 572).
Contrary to the respondents' contentions, this Court need not defer to PERB's interpretation of Civil Service Law § 71, because "[that] question is one of pure statutory construction dependent only on accurate apprehension of legislative intent [with] little basis to rely on any special competence of PERB," and therefore this Court can address this issue de novo (Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 8 NY3d 226, 231 [internal quotation marks omitted]).
Civil Service Law § 71 provides that where an employee has been separated from the service by reason of a disability resulting from occupational injury or disease as defined in the worker's compensation law, "he or she shall be entitled to a leave of absence for at least one year, unless his or her disability is of such a nature as to permanently incapacitate him or her for the performance of the duties of his or her position." The legislature provided that the state civil service commission shall "prescribe and amend suitable rules and regulations for carrying into effect the provisions of this chapter," including "rules for . . . leaves of absence" (Civil Service Law § 6[1]). The Department of Civil Service has promulgated implementing regulations for Civil Service Law § 71, including detailed procedures for notifying an employee of the right to a one-year leave of absence during continued disability, and notifying an employee of an impending termination following the expiration of that one-year period and the right to a hearing and to apply for a return to duty (see 4 NYCRR 5.9). Here, the specific directives of Civil Service Law § 71 and 4 NYCRR 5.9 leave no room for negotiation of the procedures to be followed prior to the termination of an employee's employment upon the exhaustion of the one-year period of leave. Therefore the presumption in favor of collective bargaining is overcome (cf. Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d at 78-79; Matter of Board of Educ. of City School Dist. [*2]of City of N.Y. v New York State Pub. Empl. Relations Bd., 75 NY2d 660). The petitioner's remaining contentions are without merit.
Accordingly, we reverse the order and judgment, grant the petition, deny PERB's motion to dismiss the petition, declare the determination of PERB dated November 6, 2017, null and void, and dismiss with prejudice the improper practice charge filed by the LBPFA against the petitioner.
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court