Matter of Lawrence Union Free Sch. Dist. v New York State Pub. Empl. Relations Bd. (2021 NY Slip Op 07001)





Matter of Lawrence Union Free Sch. Dist. v New York State Pub. Empl. Relations Bd.


2021 NY Slip Op 07001


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-03024
 (Index No. 3841/17)

[*1]In the Matter of Lawrence Union Free School District, petitioner/cross respondent, 
v
New York State Public Employment Relations Board, respondent/cross petitioner, et al., respondent.


Minerva & D'Agostino, P.C. (Albert D'Agostino, Christopher G. Kirby, and Morgan, Lewis & Bockius LLP, New York, NY [David J. Butler and Bryan M. Killian pro hac vice], of counsel), for petitioner/cross respondent.
David P. Quinn, Albany, NY (Michael T. Fois of counsel), for respondent/cross petitioner.
Archer, Byington, Glennon & Levine LLP, Melville, NY (Alexandra J. Howell and Marty Glennon of counsel), for respondent International Brotherhood of Teamsters, City Employees Union, Local 237.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board dated November 6, 2017, and, in effect, cross petition by the New York State Public Employment Relations Board to enforce the determination. The determination, inter alia, reversed so much of a decision of an administrative law judge dated November 29, 2016, dismissing, after a hearing, the improper practice charge filed by Local 237, International Brotherhood of Teamsters and United Public Service Employees Union, alleging that the petitioner, Lawrence Union Free School District, inter alia, violated Civil Service Law § 209-a(1)(d) with respect to certain security aides, and directed the petitioner, among other things, to make whole those security aides.
ADJUDGED that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, the cross petition is granted, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the issuance of an order compelling compliance with this decision and judgment (see Civil Service Law § 213[c]).
The petitioner, Lawrence Union Free School District (hereinafter the district), and the respondent International Brotherhood of Teamsters, City Employees Union, Local 237 (hereinafter the union), were parties to a collective bargaining agreement whereby certain classes of employees employed by the district, including security aides, were represented by the union with respect to, among other things, salary and benefit negotiations. The security aides' employment was terminated at the end of the 2015 school year, and the district thereafter contracted with nonparty Summit Security Service, Inc. (hereinafter Summit), to provide security services for the district. Shortly after the security aides were notified that their positions were terminated, the union submitted an improper [*2]practice charge to the respondent New York State Public Employment Relations Board (hereinafter PERB), asserting, among other things, that the district violated Civil Service Law § 209-a(1)(d) based on its alleged failure to negotiate in good faith with the union concerning the termination of the security aides' employment and the transfer of the security aides' work to Summit employees, who were nonunion employees.
At a hearing before an administrative law judge (hereinafter ALJ), the district stipulated that the exclusivity of the work performed by the security aides, the first element that must be established with respect to a violation based on the unilateral transfer of work, as articulated in Matter of Niagara Frontier Transp. Auth. (18 PERB ¶ 3083), would not be contested. After the hearing, in considering whether the services performed by Summit were substantially similar to those performed by the security aides, the ALJ found, inter alia, that "[a]part from the inherent similarity in duties aimed at generally protecting District premises, there is a significant difference in the level of services provided by Summit," and dismissed the improper practice charges related to the district's termination of the security aides' employment. The union subsequently filed exceptions to the ALJ's decision, and PERB, in a determination dated November 6, 2017, inter alia, reversed the ALJ's decision in part, and remanded in part. PERB took note of the parties' stipulation with respect to exclusivity of the work, but determined that the scope of this stipulation was ambiguous. PERB found that the stipulation meant, "at a minimum, that 'property protection' duties were exclusively performed by Security Aides," but that based on conflicting testimony, the stipulation was unclear as to whether "personal protection" work was done exclusively by the security aides. PERB then remanded the portion of the charge related to personal protection work to the ALJ. In reversing the ALJ in part, PERB determined that the transfer of the property protection work performed by security aides constituted a violation of Civil Service Law § 209-a(1)(d), and directed, inter alia, that this work be restored to the security aides.
The district then commenced this proceeding pursuant to CPLR article 78 to review PERB's determination on the ground that it was not supported by substantial evidence. PERB , in effect, cross-petitioned pursuant to Civil Service Law § 213 to enforce its determination. In an order dated March 8, 2018, the Supreme Court transferred the matter to this Court pursuant to CPLR 7804(g).
"Under the Taylor Law (Civil Service Law art 14), a public employer is obligated to negotiate in good faith with the bargaining representative of its current employees regarding the 'terms and conditions of employment' (Civil Service Law § 204)" (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 104 AD3d 778, 780, mod 23 NY3d 482). "The failure to negotiate in good faith is an improper employment practice" (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 104 AD3d at 780; see Civil Service Law § 209-a[1][d]). "Pursuant to this duty to negotiate, where a past practice between a public employer and its current employees is established, involving a mandatory subject of negotiation, the Taylor Law would bar the employer from discontinuing that practice without prior negotiation" (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 331), and "PERB is authorized to determine disputes as to improper employment practices, and to take affirmative action to effectuate the policies of the Taylor Law" (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 104 AD3d at 781; see Civil Service Law § 205[5][d]).
In making a determination whether the unilateral transfer of unit work violates Civil Service Law § 209-a(1)(d), "the . . . essential questions are whether the work ha[s] been performed by [the] unit employees exclusively and whether the reassigned tasks are substantially similar to those previously performed by unit employees" (Matter of Niagara Frontier Transp. Auth., 18 PERB ¶ 3083 [footnote omitted]; see Matter of State of N.Y. Dept. of Correctional Servs. v Kinsella, 220 AD2d 19, 22). "If both these [questions] are answered in the affirmative, the work transfer is deemed to be violative of Civil Service Law § 209-a(1)(d) unless the qualifications for the job at issue have changed significantly" (Matter of State of N.Y. Dept. of Correctional Servs. v Kinsella, 220 AD2d at 22; see Matter of Niagara Frontier Transp. Auth., 18 PERB ¶ 3083). "If such a change has in fact occurred, a balancing test is invoked and 'the interests of the public employer and the unit employees, both individually and collectivley, are weighed against each other'" (Matter of State of [*3]N.Y. Dept. of Correctional Servs. v Kinsella, 220 AD2d at 22, quoting Matter of Niagara Frontier Transp. Auth., 18 PERB ¶ 3083).
"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Albany Manor, Inc., v New York State Liq. Auth., 44 AD3d 759, 759). Moreover, "[w]hile the findings of an [ALJ] made after a hearing are entitled to deference upon review by an administrative board, the board is entitled to make its own findings provided that they are supported by substantial evidence" (Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 78 AD3d 1184, 1185, affd 19 NY3d 876; see Matter of Simpson v Wolansky, 38 NY2d 391, 394). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180), and "consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—-probatively and logically" (id. at 181). "When there is conflicting evidence or different inferences may be drawn, 'the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists'" (Matter of Grimaldi v Gough, 114 AD3d 679, 680, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444).
The district's challenge to so much of PERB's determination as related to personal protection work, is not ripe for review, as this issue was remanded to the ALJ, and therefore, further administrative action is required (see Stop-The-Barge v Cahill, 1 NY3d 218, 223; Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 520; Matter of Patel v Board of Trustees of Inc. Vil. of Muttontown, 115 AD3d 862, 864).
Contrary to the district's contention, PERB's determination that the property protection work performed by Summit employees was substantially similar to the property protection work performed by security aides was supported by substantial evidence (see Matter of Hewlett-Woodmere Union Free School Dist. v New York State Pub. Empl. Relations Bd., 232 AD2d 560). The duties regarding property protection work set forth in the Civil Service job description for security guards, which was testified to by the district as encompassing the duties that were performed by Summit, were substantially similar to the duties actually performed by the security aides, as well as those duties set forth in the Civil Service job description for security aides. Among other things, security aides and Summit employees both patrol and protect school buildings and grounds and perform related duties as required. Both made rounds around the district's buildings and performed traffic control on and around campus.
The district's contention that the transfer of work from security aides to Summit employees involved a substantial change in job qualifications is not properly before this Court (see 4 NYCRR 213.10).
The district's remaining contentions are without merit.
Finally, PERB is entitled to an order compelling compliance with this decision and judgment (see Civil Service Law §§ 205[5][d]; 213[a], [c]; Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 78 AD3d at 1187; Matter of Hampton Bays Union Free School Dist. v Public Empl. Relations Bd., 62 AD3d 1066, 1069).
Accordingly, we confirm the determination, deny the petition, dismiss the proceeding on the merits, grant the cross petition, and remit the matter to the Supreme Court, Nassau County, for the issuance of an order compelling compliance with this decision and judgment
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court