Matter of Village of Scarsdale v New York State Pub. Empl. Relations Bd. (2022 NY Slip Op 03392)





Matter of Village of Scarsdale v New York State Pub. Empl. Relations Bd.


2022 NY Slip Op 03392


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-03670
 (Index No. 57522/17)

[*1]In the Matter of Village of Scarsdale, petitioner,
v
New York State Public Employment Relations Board, et al., respondents.


Bond, Schoeneck & King, PLLC, Garden City, NY (Terry O'Neil and Emily E. Iannucci of counsel), for petitioner.
David P. Quinn, New York State Public Employment Relations Board, Albany, NY (Ellen M. Mitchell and Michael Fois of counsel), for respondent New York State Public Employment Relations Board.
Archer, Byington, Glennon & Levine LLP, Melville, NY (Paul K. Brown and Richard S. Corenthal of counsel), for respondent Uniformed Firefighters Association of Scarsdale, Inc., Local 1394, IAFF, AFL-CIO, named herein as Scarsdale Uniformed Firefighters Association, Local 1394, IAFF, AFL-CIO.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Public Employment Relations Board dated April 10, 2017, as affirmed those portions of a decision of an administrative law judge dated September 23, 2015, which, after a hearing, found that the petitioner violated Civil Service Law § 209-a(1)(d) by issuing certain provisions of a sick leave management program, and directed the petitioner, inter alia, to rescind those provisions, and, in effect, cross petition by the New York State Public Employment Relations Board to enforce those portions of its determination.
ADJUDGED that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, the cross petition is granted, with costs to the New York State Public Employment Relations Board payable by the petitioner, and the matter is remitted to the Supreme Court, Westchester County, for the issuance of an order compelling compliance with this decision and judgment (see Civil Service Law § 213[c]).
On April 7, 2014, the Village of Scarsdale Fire Department (hereinafter the Fire Department) issued a revised sick leave policy, and a new "Sick Leave Management Program" (hereinafter SLMP). Shortly after the Fire Department issued the SLMP, the Uniformed Firefighters Association of Scarsdale, Inc., Local 1394, IAFF, AFL-CIO (hereinafter the Union), which represents the employees affected by the SLMP, filed an improper practice charge against the Village of Scarsdale with the New York State Public Employment Relations Board (hereinafter PERB). The Union claimed, in effect, that certain provisions of the SLMP constituted changed "terms and conditions of employment" within the meaning of Civil Service Law § 201(4), which were subject to mandatory negotiation under the Taylor Law, and could not be imposed unilaterally by the [*2]Village. The Union alleged that by unilaterally implementing the new rules and procedures for the usage of sick leave in the Fire Department the Village violated Civil Service Law § 209-a(1)(d).
After a hearing, an administrative law judge (hereinafter ALJ) issued a decision dated September 23, 2015, partially upholding and partially dismissing the Union's improper practice charge. As relevant to this appeal, the ALJ found that the Village had violated Civil Service Law § 209-a(1)(d) by unilaterally implementing the provisions of the SLMP that (1) altered and increased the number of circumstances for which an employee would be required to obtain a physician's note; (2) required quarterly counseling sessions with a supervisor for any employee who had used more than two sick days within a six-month period; (3) required employees who had been designated as Excessive Sick Leave Users (hereinafter ESLU) to attend an annual counseling session with the Fire Chief to determine the employee's ESLU status for the upcoming year and to determine possible discipline at the discretion of the Fire Chief, up to and including termination; and (4) provided that an ESLU final designation may affect an employee's eligibility for voluntary overtime and off-duty employment.
The Village filed exceptions to the decision. In a determination dated April 10, 2017, PERB, inter alia, affirmed so much of the ALJ's decision as found that the Village had violated Civil Service Law § 209-a(1)(d) by unilaterally implementing the subject provisions of the SLMP. With regards to the provisions that required quarterly and annual counseling, PERB determined that to the extent they merely communicated the standards the employer would use to determine sick leave abuse and to monitor employees' use of sick leave under those standards, the provisions were not subject to mandatory negotiation. PERB found, however, that the record established that employees would be expected to participate at the counseling session and provide oral or documentary evidence relating to the use of sick leave taken, and, if the explanation was unsatisfactory, the counseling sessions would result in a corrective or disciplinary plan of action. PERB concluded that this increased requirement of participation by the employee in the monitoring of the employees' use of sick leave constituted a change in the terms and conditions of employment that was subject to mandatory negotiation.
The Village then commenced this proceeding pursuant to CPLR article 78 to review those portions of the PERB determination. PERB, in effect, cross-petitioned to enforce those portions of its determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The Taylor Law (Civil Service Law art 14) requires all public employers and employee organizations to negotiate in good faith to determine the "terms and conditions of employment" for represented employees (see id. §§ 201[4]; 203, 204). The failure of such an employer to negotiate in good faith is an improper employer practice (see id. § 209-a[1][d]). "[T]he public policy of this State in favor of collective bargaining is strong and sweeping" (Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d 73, 78 [internal quotation marks omitted]; see Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc., 14 NY3d 46, 57-58). "Absent clear evidence that the Legislature intended otherwise, the presumption is that all terms and conditions of employment are subject to mandatory bargaining" (Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d at 79 [internal quotation marks omitted]; see Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc., 14 NY3d at 58).
"PERB, as the agency charged with interpreting the Civil Service Law, is accorded deference in matters falling within its area of expertise, including the resolution of improper practice charges" (Matter of Poughkeepsie Professional Firefighters' Assn., Local 596, IAFF, AFL-CIO-CLC v New York State Pub. Empl. Relations Bd., 6 NY3d 514, 522; see Matter of Kent v Lefkowitz, 27 NY3d 499, 505). PERB "is presumed to have developed an expertise and judgment that requires [courts] to accept its decisions with respect to matters within its competence" (Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d 255, 265 [internal quotation marks omitted]; see Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., 48 NY2d 398, 404). "Whether a dispute involves a 'term and condition' of [*3]employment is generally committed to PERB's discretion" (Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d at 81). In matters falling within PERB's discretion, judicial inquiry is limited to "whether PERB's decision was legally permissible, rational and thus not arbitrary and capricious. And where there has been a hearing, as happened here, PERB's determination must be supported by substantial evidence" (Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d at 265 [citations omitted]; see CPLR 7803[3], [4]; Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 492).
Here, the Village contends that PERB's determination that the subject provisions of the SLMP constituted a change in the "terms and conditions" of employment was irrational and arbitrary and capricious. It is undisputed that prior to the implementation of the SLMP employees were required to provide a physician's note only when an absence because of sickness exceeded three workdays. By contrast, the SLMP requires an employee to obtain a physician's note for any consecutive sick days and under a number of other circumstances. PERB's determination that this constituted a change in the terms of conditions of employment and thus was subject to mandatory negotiation was not affected by an error of law nor arbitrary and capricious (see Matter of City of New York v Board of Collective Bargaining of the City of N.Y., 107 AD3d 612). Contrary to the Village's contention, PERB's decision was not a departure from its own precedent (see Matter of Leggio v Devine, 34 NY3d 448, 461-462; Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 517-518), which shows that it has consistently found that the procedures for granting and terminating sick leave, including changed requirements for the submission of medical documentation or physician's notes, are subjects of mandatory negotiation (see Matter of New York State Pub. Empls. Fedn., AFL-CIO, [State of New York (Off. of Mental Health - Rochester Psychiatric Ctr.)], 50 PERB ¶ 3032; Matter of Uniformed Firefighters Assn. of Scarsdale, Inc., Local 1394, IAFF, AFL-CIO [Village of Scarsdale], 50 PERB ¶ 3007; Matter of New York State Corr. Off. & Police Benevolent Assn., Inc. [State of New York (Dept. of Corr. Servs.)], 37 PERB ¶ 3023).
Similarly, PERB's determination that the Village was required to negotiate before it could condition employees' eligibility for voluntary overtime and off-duty employment on sick leave use was not arbitrary and capricious, nor affected by an error of law. The hearing evidence established that, prior to the implementation of the SLMP, employees' sick leave usage did not affect their ability to work voluntary overtime or have off-duty employment. "Under the Taylor Law, an employer's restriction on the use of nonworking time by employees is a term and condition of employment and, in general, constitutes a mandatory subject of negotiations" (Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 78 AD3d 1184, 1185, affd 19 NY3d 876). Contrary to the Village's contention, PERB's determination that the subject provisions constituted a change in the terms and conditions of employment and, thus, was subject to mandatory negotiation was consistent with its prior determinations regarding the assignment of overtime and regulation of off-duty employment (see Matter of Rochester Police Locust Club, Inc. [City of Rochester], 36 PERB ¶ 3003; Matter of Ulster County Sheriff's Empls. Assn. [Ulster County Sheriff], 27 PERB ¶ 3028).
PERB's determination that the provisions of the SLMP requiring quarterly and annual counseling constituted new or changed terms and conditions of employment to the extent that they required increased participation by the employee in the monitoring of the employee's sick leave use was not arbitrary and capricious, nor affected by an error of law. Contrary to the Village's contention, this determination was consistent with prior PERB determinations finding that requirements that an employee participate in an audit or investigatory meeting from which discipline may flow are subjects of mandatory negotiation (see Matter of City of Cortland [Cortland Police Benevolent Assn., Inc.], 51 PERB ¶ 3014; Matter of County Police Assn. of Cortland, Inc. [County of Cortland & Cortland County Sheriff], 48 PERB ¶ 3028; Matter of Patchogue-Medford Congress of Teachers [Patchogue-Medford Union Free Sch. Dist.], 30 PERB ¶ 3041). Here, the SLMP provided generally that a violation of any of its provisions could subject an employee to discipline, and it specifically stated that the purpose of the annual counseling session with the Fire Chief was to determine possible discipline, up to and including termination. The Village's contention, in effect, that substantial evidence does not support PERB's determination that the SLMP resulted in a [*4]requirement of increased participation by the employee in the monitoring and investigation of the employee's use of sick leave is without merit. "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Bottom v Annucci, 26 NY3d 983, 984-985 [internal quotation marks omitted]). Here, the administrative record provides relevant proof supporting PERB's determination that employees were expected to provide oral or documentary evidence at the quarterly and annual counseling sessions in order to explain their sick leave absences and, if they failed to do so, the counseling sessions would result in a corrective or disciplinary plan of action. Accordingly, the record provides substantial evidence for PERB's determination.
The Village's remaining contention is without merit.
Finally, PERB is entitled to an order compelling compliance with this decision and judgment (see Civil Service Law §§ 205[5][d]; 213[a], [c]; Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 104 AD3d 778, 783, mod 23 NY3d 482; Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 78 AD3d at 1187; Matter of Hampton Bays Union Free School Dist. v Public Empl. Relations Bd., 62 AD3d 1066, 1069).
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court